UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-03115-LJM-MJD |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Ramar Daniels for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 16-08-0060. For the reasons explained in this Entry, Daniels's habeas petition must be **granted**.

## Discussion

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *see Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *see Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985). *See also Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On July 29, 2016, Officer Stafford issued a Report of Conduct to Daniels for a violation of Code B-213, threatening. The Report of Conduct stated:

> On July 29, 2016, [a]t approximately 1:00 P.M. it was determined after reviewing the formal Grievance Appeal Form submitted by Offender 104542 DANIELS, RAMAR that the said formal Grievance did contain statements that were an attempt of communicating to another person a plan to physically harm, harass or intimidate that person or someone else. Offender DANIELS did write in the body of his formal Grievance Appeal several inappropriate statements in an attempt to intimidate the staff within this office. Offender DANIELS stated that he knew very well that we understood what he was communicating in this grievance, yet we were acting as if we did not. The offender goes on to state that "I hate you people" and that "If I saw any of y'all being murdered, robbed, raped, or anything other bad thing I would not lift a toe to help none of you devils!" Daniels continues with stating [sic] "I hope Y'all and Y'all [sic] kids die a slow painful death from some kind of sickness and if I get hurt there I'm suing Y'all, now act like you don't understand that!" Daniels closed the appeal stating "You can write that up if you like cause I know that's all you people want to do so go right ahead!" Communicating to another person a plan to physically harm, harass or intimidate that person or someone else is prohibited in the body of a Grievance or Grievance Appeal by policy unless being used as a direct quote relevant to the situation. Offender DANIELS clearly violated the Adult Disciplinary policy by making such statements. Based on the statements made by Offender DANIELS and policy I am confident that the Offender did violate code 213B of the Adult Disciplinary Policy. End Report.

Threatening is defined by Code B-213, in part, as "[c]ommunicating to another person a plan to physically harm, harass or intimidate that person or someone else." IDOC Adult Disciplinary Process, Appendix 1: Offenses, at 5, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf, last visited Aug. 17, 2017.

Daniels was notified of the offense on August 2, 2016. Daniels sought assistance of a lay advocate. Daniels requested physical evidence in the form of his written grievance, which was approved, and the definition of a threat, which was denied because it was not physical evidence.

The Disciplinary Hearing was held on August 12, 2016. Daniels stated that:

2

> Feel like I should not have gone [sic] that for attempting to grievance. Stafford always writes me up. That was supposed to go to Central. Not addressed to him. 2nd he says I only attempted to threaten/intimidate staff, but writes me up for threatening. I feel like it is not [illegible] threatening, at best vulgarity.

The Hearing Officer found Daniels guilty of threatening in violation of Code B-213 after considering the conduct report, a copy of grievance, and the offender statement. The recommended and approved sanctions imposed included loss of privileges, disciplinary segregation, and 60 days of lost credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the frequency and nature of the conduct.

Daniels's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Daniels challenges the disciplinary conviction arguing that the evidence was insufficient to sustain it. Daniels asserts that he requested a transfer to a different facility because of his fear that his murder victim's family members and friends would harm him. He also alleges that he was attacked by gang members. He filed a grievance stating that if he was attacked again, he was going to sue. He asserts that he never threatened anyone with harm and that nothing in his grievance violates Code B-213, which prohibits "[c]ommunicating to another person a plan to physically harm, harass or intimidate that person or someone else." The respondent asserts that Daniels's statements that "I hope Y'all and Y'all [sic] kids die a slow painful death from some kind of sickness and if I get hurt there I'm suing Y'all, now act like you don't understand that!", constituted threatening.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence,

but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, Daniels does not dispute that he made the statements at issue, but he argues that these statements do not constitute threatening. The respondent argues that Daniels's words were interpreted as intimidation and a threat to sue if the officers failed to comply with Daniels's wishes. But the definition of "threatening" involves a *plan* to intimidate or harass. Daniels's statement that if he saw the officers in danger, he would not help them, is not a plan to harm them. Neither is his hope for their death by sickness or disease. These statements might be actual intimidation or harassment, but they are not a *plan* to intimidate or harass. Finally, his statement that "If I get hurt there I'm suing Y'all," is not inappropriate threating because if the officers did fail to prevent harm to Daniels, he would be able to bring a viable suit against them.

In short, the statements at issue do not fall within the stated definition of threatening. Accordingly, there was not "some evidence" to support the disciplinary conviction and Daniels is entitled to habeas relief.

### D. Conclusion

Daniels's petition for a writ of habeas corpus is **granted.** The disciplinary sanctions imposed as a result of prison disciplinary proceeding No. CIC 16-08-0060 are **vacated**, meaning that Daniels's lost good-time credits must be **immediately restored**, and his new release date must be calculated accordingly.

**IT IS SO ORDERED.**

Date: __8/17/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

RAMAR DANIELS
104542
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064